NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  20-1447
_____

UNITED STATES OF AMERICA

v.

JAMES QUAY, a/k/a Stephen Jameson,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-17-cr-00371-003)
District Judge: Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on November 12, 2020

Before: HARDIMAN, SCIRICA, and RENDELL, *Circuit Judges.*

(Filed: January 7, 2021)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Appellant James Quay appeals his above-Guidelines sentence. He contends the sentence is procedurally and substantively unreasonable. We disagree and will affirm.

## I.

Quay, a former attorney and investment advisor, pleaded guilty to two counts of securities fraud in 2019. Over the two decades prior to this conviction, he participated in several schemes selling fraudulent investment products. Due to some of this fraudulent activity, the Securities and Exchange Commission obtained civil judgments and injunctions against him. During this time, Quay was also convicted of criminal contempt of court and tax fraud, each resulting in a term of imprisonment. Further, Quay was disbarred and then continued to hold himself out as an attorney, using an alias to conceal that he was disbarred.

The securities fraud leading to Quay's conviction in this case began in 2010, when Quay and a partner co-founded Aptus Planning LLC, a company that provided estate-planning services and sold investment products. Through Aptus, Quay began promoting an investment firm, Paul-Ellis Investment Associates, which had falsely inflated its returns. Quay and his partner recruited thirteen clients to invest a total of $1,295,000 with Paul-Ellis Investment Associates. At Quay's request, Paul-Ellis Investment Associates wired $385,900 of the $1,295,000 into a bank account controlled by Quay. Quay gave the $385,900—together with an additional $100,000 he solicited from another client—to someone with no institutional investing experience or licenses, whom Quay hired to

invest the money. Ultimately, all but $9,000 was lost. After losing his clients' money, Quay told them the investment strategy was "performing as expected" and that he anticipated "continued growth."

Based on this conduct, the Government charged Quay with two counts of securities fraud. While out on bond he sent text messages to Government witnesses, making false statements and requesting that the witnesses testify favorably to him. The Government then charged him with three counts of witness tampering. He later entered into a plea agreement to plead guilty to the securities fraud counts in exchange for the Government moving to dismiss the witness tampering charges. While out on bond awaiting sentencing, but after the guilty plea was entered, Quay cut his electronic monitoring device and absconded from supervision for twenty days before he was found and taken back into custody.

At sentencing, Quay's total offense level was 28. Based on his convictions for tax fraud and criminal contempt—but not considering his history of selling fraudulent investment products—Quay's criminal history category was II. Accordingly, the applicable Guidelines range was 87 to 108 months' imprisonment.

Quay argued a sentence at the bottom of the Guidelines range was appropriate because his age made recidivism unlikely, his history of fraud was irrelevant, and his ability to pay restitution would increase with less imprisonment. The court considered these arguments and weighed the sentencing factors outlined in 18 U.S.C. § 3553(a), but

ultimately sentenced Quay to 125 months' imprisonment.[1] This 17-month upward variance was based on Quay's history of fraudulent conduct, flight from supervision, and comments showing lack of remorse. This appeal followed.

## II.[2]

Quay contends his sentence is procedurally unreasonable because the court did not meaningfully consider several sentencing factors. Additionally, Quay contends the sentence is substantively unreasonable because the upward variance is not supported by the record. We conclude the sentence is procedurally and substantively reasonable because the court considered the § 3553(a) factors and based the upward variance on rational conclusions supported by the record.

## A.

We begin with Quay's challenge to the sentence's procedural reasonableness. At the outset, Quay did not object to any procedural error after the sentence was imposed. Accordingly, we review for plain error and will reverse only if the error "is 'clear' or 'obvious,' 'affects substantial rights,' and 'affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Flores-Mejia*, 759 F.3d 253, 259 (3d

---

[1] The court also ordered Quay to pay over one million dollars in restitution, jointly and severally with two co-defendants.

[2] The trial court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a sentence for procedural and substantive reasonableness under the abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). "Factual findings relevant to the Sentencing Guidelines are reviewed for clear error, and the District Court's Guidelines interpretation is reviewed de novo." *United States v. Seibert*, 971 F.3d 396, 399 (3d Cir. 2020) (citation omitted).

Cir. 2014) (quoting *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006)).

A sentence is procedurally unreasonable when the court does not meaningfully consider a sentencing factor. *Tomko*, 562 F.3d at 567–68. But "[a] sentencing court does not have to discuss and make findings as to each of the § 3553(a) factors if the *record* makes clear the court took the factors into account in sentencing." *Id.* at 568 (internal quotation marks and citation omitted). It is clear the court took a factor into account when the record shows the court heard the appellant's argument about that factor and rejected the argument. *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 358 (2007)).

Quay contends the sentence is procedurally unreasonable because the court did not meaningfully consider four § 3553(a) factors: (1) the history and characteristics of the defendant, (2) the need for deterrence and to protect the public, (3) the need to pay restitution, and (4) the need to avoid unwarranted sentencing disparities.

As to the first three factors, the record shows that the court meaningfully considered these factors by listening to Quay's arguments and expressly rejecting them. First, the court heard Quay's argument about his history and characteristics—that he would be unlikely to recidivate due to his age—and expressly rejected it because his prior conduct indicated he was likely to recidivate.[3] Second, the court heard Quay's argument about deterrence and protecting the public—that the court should not consider his prior

---

[3] To the extent Quay contends the court erred in finding he is likely to recidivate, this finding was not clearly erroneous considering Quay has sold fraudulent investment products for many years and was not deterred by a prior criminal sanction. *See United States v. Jayyousi*, 657 F.3d 1085, 1117 (11th Cir. 2011) ("Although recidivism ordinarily decreases with age, we have rejected this reasoning as a basis for a sentencing departure for certain [types of defendants].").

conduct as relevant to this factor—and expressly rejected it because his prior conduct was relevant to his likelihood to recidivate. Third, the court heard Quay's argument about restitution—that a shorter sentence would increase the likelihood that he will be able to pay restitution—and expressly rejected it because restitution would likely not be paid regardless of the length of the sentence.[4]

As to the fourth factor, the need to avoid unwarranted sentencing disparities, the court did not discuss the sentences of similarly situated defendants because Quay did not present any comparable sentences. The defendant bears the burden of presenting the court with comparable cases featuring similarly situated defendants. *United States v. Charles*, 467 F.3d 828, 833 (3d Cir. 2006). But instead of presenting comparable cases, Quay argued, in general terms, that a sentence within the Guidelines range would avoid unwarranted sentencing disparities. The court rejected this argument.

Accordingly, we find no plain error in the court's consideration of the § 3553(a) sentencing factors.

**B.**

Next, we turn to Quay's challenge to his sentence's substantive reasonableness. A sentence is substantively reasonable if it "was premised upon appropriate and judicious consideration of the relevant factors." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007) (internal quotation marks and citation omitted). And a sentence is only

---

[4] To the extent Quay contends the court erred in finding he is unlikely to pay restitution, this finding was not clearly erroneous considering Quay's financial condition and the amount of restitution ordered in this case.

6

substantively unreasonable if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Quay contends the sentence is substantively unreasonable because it was based on his criminal history and his prior fraudulent conduct. But the court may consider both. "[A] district court [is] entitled to consider [a defendant's] criminal history in its decision to vary above the recommended Guidelines range." *United States v. Tristan-Madrigal*, 601 F.3d 629, 636 (6th Cir. 2010); *accord Tomko*, 562 F.3d at 571 (affirming a variance based, in part, on the defendant's criminal history). And a court is allowed "to consider prior criminal conduct not resulting in a conviction" if the prior conduct is established by a preponderance of the evidence, such as "where reliable evidence of that conduct is proffered or . . . the [Presentence Investigation Report] adequately details the underlying facts without objection from the defendant." *United States v. Berry*, 553 F.3d 273, 281, 284 (3d Cir. 2009). Here, the civil penalties obtained by the Securities and Exchange Commission constitute reliable evidence of Quay's prior fraudulent conduct, and the Presentence Investigation Report details the prior conduct without Quay's objection. Thus, it was proper for the court to consider Quay's criminal history and prior conduct.

Quay also contends the sentence was not supported by the record because the court improperly weighed his age and the need to pay restitution, factors that weigh against an upward variance. But a "decision to accord less weight to mitigation factors than that urged by [the defendant] does not render the sentence unreasonable." *United States v. Young*, 634 F.3d 233, 243 (3d Cir. 2011) (citing *United States v. Bungar*, 478

7

F.3d 540, 546 (3d Cir. 2007)). Here, the court imposed the 125-month sentence because Quay's history of fraudulent conduct, flight from supervision, and lack of remorse indicated he posed a danger to the community and that an above-Guidelines sentence was needed to adequately deter him. We conclude a reasonable court could have sentenced Quay to 125 months' imprisonment for these same reasons.

Accordingly, the above-Guidelines sentence was substantively reasonable.

**III.**

For the reasons stated above, we will affirm the above-Guidelines sentence.