**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1388
_____

UNITED STATES OF AMERICA

v.

ANTHONY F. D'AMBROSIO,
                                            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-15-cr-00003-02)
District Judge:  Honorable Christopher C. Conner

_____

Submitted on the Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2021

Before:  RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 14, 2021)
_____

OPINION*
_____

PER CURIAM

        Appellant Anthony D'Ambrosio, proceeding pro se, appeals from the District

Court's orders denying a renewed motion for compassionate release filed pursuant to 18

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

U.S.C. § 3582(c)(1)(A)(i) and reconsideration of that denial. The Government has filed a motion for summary affirmance. For the reasons that follow, we will grant the Government's motion and summarily affirm the District Court's judgment.

After a trial in 2017, a jury in the District Court for the Middle District of Pennsylvania found D'Ambrosio guilty of six criminal counts, including sex trafficking of minors, possession with intent to distribute drugs, and interstate prostitution. The Court later dismissed two counts, one without prejudice to retrial. Rather than retry the defendant, however, the Government agreed to enter a binding sentencing agreement with D'Ambrosio which stipulated that he would receive a 120-month sentence and five years' supervised release in exchange for an admission of guilt to four of the convictions. In February 2020, the District Court sentenced D'Ambrosio in accordance with the agreement. D'Ambrosio subsequently entered the Federal Correctional Institution at Allenwood, Pennsylvania, to serve his sentence.

In April 2020, D'Ambrosio submitted a pro se motion for compassionate release from custody, and the District Court appointed counsel. He filed a counseled motion in June 2020, in which he claimed to suffer from serious medical conditions that, when considered with the conditions of prison, placed him at a significantly higher risk for severe complications if he caught the COVID-19 virus. D'Ambrosio also maintained that he should be released so that he could help raise his 13-year-old son who suffers from a neuromuscular disease. The Government opposed the motion. The District Court entered an order denying the motion on the merits. D'Ambrosio twice sought reconsideration, and

2

the District Court denied his motions. In January 2021, D'Ambrosio filed, pro se, a renewed motion for compassionate release. This time, D'Ambrosio said that, despite the Bureau of Prisons' assurances that it was taking extensive measures to avoid outbreaks, he had contracted COVID-19 in December 2020, still suffered residual symptoms, and feared reinfection. The District Court ruled against D'Ambrosio's motion on February 3, 2021, and denied a motion to reconsider that order on February 18, 2021. D'Ambrosio filed a pro se notice of appeal and motion for appointment of counsel. The Government moved to summarily affirm the District Court's order denying compassionate release.

We have jurisdiction over the appeal under 28 U.S.C. § 1291. We review the District Court's order for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment after weighing the relevant factors. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Under 18 U.S.C. § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting compassionate release, however, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include, among other things, "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed . . . to reflect the seriousness

3

of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct," id., § 3553(a)(2)(A)-(B).

D'Ambrosio argues that the COVID outbreak at FCI-Allentown (Low), his own infection with the disease, and his risk of reinfection meet the "extraordinary and compelling" standard for release. He also contends that the District Court erred because it relied on a U.S. Sentencing Commission policy statement to confine its "extraordinary and compelling" analysis to certain factors, and several courts of appeals have now held that the comment should not be applied to limit a district court's discretion to consider whether other reasons could be "extraordinary and compelling" for release. See United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020) (collecting cases). But these arguments are beside the point where, as here, the District Court has made clear that regardless of whether D'Ambrosio met the "extraordinary and compelling" standard, the application of the section 3553(a) factors work against his release. See D. Ct. Order 2/18/21 at 2. Specifically, the Court noted that "the nature and seriousness of his offense conduct (involving a large-scale, interstate prostitution and drug conspiracy and serious drug-trafficking offenses)" as well as the amount of time D'Ambrosio had left to serve in his 120-month sentence (more than five years at that point)[1] did not support release. See Pawlowski, 967 F.3d at 330-31 (holding that the district court did not abuse its discretion

---

[1] The District Court states that D'Ambrosio's projected release date is March 21, 2026.

by deciding that § 3553(a) factors weighed against granting compassionate release).  The District Court did not commit a clear error of judgment after weighing the relevant factors and ruling that they do not support compassionate release in D'Ambrosio's case.  See id; cf. United States v. Seibert, 971 F.3d 396, 402 (3d Cir. 2020) (citing United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007), for the proposition that the Court's review of a district court's application of § 3553(a) factors is "highly deferential").

As the District Court did not abuse its discretion in denying D'Ambrosio's renewed motion for a sentence reduction or for reconsideration of that denial, this appeal does not present a substantial question.  Accordingly, we grant the Government's motion, and we will summarily affirm the District Court's judgment.  D'Ambrosio's motion for appointment of counsel is denied.[2]

---

[2] In his notice of appeal dated February 24, 2021, D'Ambrosio says that he is "notifying this court of his intent to appeal the district court's refusal to act on PSR issues."  ECF Docket No. 772 at 2 ¶11.  He does not specify any particular order that he seeks to appeal.  We note that, on December 7, 2020, the District Court entered an order denying what it construed as appellant's motion to reconsider the court's previous order declining to strike the PSR from the record.  As the Government points out, D'Ambrosio's notice of appeal, filed on February 24 at the earliest, is untimely with respect to that order.  See Government's Motion for Summary Affirmance at 7 n.1; Fed. R. App. P. 4(b).  To the extent D'Ambrosio appeals the December 7 order, the appeal is dismissed.