**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1958

_____

UNITED STATES OF AMERICA

v.

TELWIN VINCENT
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-21-cr-00567-001)
District Judge: Honorable Stanley R. Chesler

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 24, 2023.

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges*

(Filed:  January 31, 2023)

_____

**OPINION**[*]

_____

KRAUSE, *Circuit Judge*.

Telwin Vincent challenges the reasonableness of the 41-month sentence he received

after pleading guilty to conspiracy to commit bank fraud and conspiracy to use

unauthorized access devices.  We discern no error and will affirm.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

## I. DISCUSSION[1]

Vincent contests both the procedural and substantive reasonableness of his sentence. A sentence is procedurally reasonable if the district court applies the appropriate enhancements and deductions under the Sentencing Guidelines, considers any motions for departure, and weighs the sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Seibert*, 971 F.3d 396, 399 (3d Cir. 2020). A procedurally reasonable sentence is also substantively reasonable unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Shah*, 43 F.4th 356, 367 (3d Cir. 2022) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)).

According to Vincent, his sentence was procedurally unreasonable because the Government misinformed the District Court that he was ineligible for a sentence of noncustodial probation. But Vincent was indeed ineligible for probation. He pleaded guilty to conspiracy to commit bank fraud, a crime punishable by up to 30 years' imprisonment. 18 U.S.C. §§ 1344, 1349. An offense punishable by a maximum term of imprisonment of 25 years or more is a Class B felony. *Id.* § 3559(a)(2). By statute, a court

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). In reviewing a sentence, we defer to the district court's factual findings "and reverse only for clear error" but consider legal rulings de novo. *United States v. Bierley*, 922 F.2d 1061, 1064 (3d Cir. 1990) (citation omitted). Because Vincent did not raise procedural objections to his sentence below, we assess the procedural reasonableness of his sentence for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). We review the substantive reasonableness of his sentence for abuse of discretion. *United States v. Pawlowski*, 27 F.4th 897, 911 (3d Cir. 2022) (citation omitted).

cannot sentence a defendant to probation for a Class B felony. *Id.* § 3561(a)(1).

Next, Vincent contends the Government misinformed the District Court that the Guidelines range was mandatory, thereby rendering Vincent's sentence procedurally unreasonable. That assertion is inaccurate. The Government explicitly apprised the Court of its duty to exercise discretion in sentencing Vincent.

In a final procedural challenge, Vincent argues that the District Court failed to adequately consider his personal history and caregiving role for his mother. But the Court specifically acknowledged Vincent's past hardships and the toll incarceration would have on his family. It nevertheless determined that the gravity of his offense and the need for deterrence warranted a sentence within the Guidelines range. Thus, the District Court properly "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted).

Although Vincent states in passing that his sentence was substantively unreasonable because "no reasonable sentencing court would have imposed the same 41-month prison term," Opening Br. 12, he offers no argumentation in support of that conclusion. As this contention is merely "adverted to in a cursory fashion, unaccompanied by developed argument," it is waived. *United States v. Penn*, 870 F.3d 164, 169 (3d Cir. 2017) (quoting *Rodriguez v. Mun. of San Juan*, 659 F.3d 168, 175 (1st Cir. 2011)). And, in any event, Vincent's cursory allegations do not rebut the presumption that a sentence that falls within the Guidelines range is reasonable. *See Rita*, 551 U.S. at 347.

**IV.     CONCLUSION**

For the foregoing reasons, we will affirm the judgment of the District Court.