NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2836
_____

UNITED STATES OF AMERICA

v.

GEOVANNI DAVILA, a/k/a Giovanni, a/k/a Jovante, a/k/a John Doe,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-01-cr-00018-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Argued March 27, 2023

Before: RESTREPO, BIBAS, and MCKEE *Circuit Judges*

(Opinion Filed: June 30, 2023)


Heidi R. Freese, Federal Public Defender
Frederick W. Ulrich, Asst. Federal Public Defender
Ryan F. Shelley        **[Argued]**
Office of Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
          *Counsel for Appellant*

Gerard M. Karam, United States Attorney
Scott R. Ford, Asst. U.S. Attorney **[Argued]**
Office of United States Attorney
Middle District of Pennsylvania

Ronald Reagan Federal Building
228 Walnut Street, Suite 220
Harrisburg, PA 17108

*Counsel for Appellee*

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*.

In May 2020, Appellant, Geovanni Davila, submitted a pro se Motion for Compassionate Release in the United States District Court for the Middle District of Pennsylvania. The District Court denied Davila's motion and his two subsequent motions that requested the same relief. Davila now appeals the denial of his request for compassionate release. We affirm the District Court's denial of the motion for compassionate release.

## I.    BACKGROUND

In June 2001, Davila pled guilty to conspiracy to distribute heroin resulting in death, and he was sentenced to a term of imprisonment of 384 months. Davila has served about 270 months of his sentence and has a projected release date of May 23, 2029. He is presently incarcerated at the Devens Federal Medical Center ("FMC Devens"), and since he was initially incarcerated, Davila has been diagnosed with hearing loss, asthma, and hypertension. In 2007, Davila was also diagnosed with renal

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

failure and is currently on dialysis three days per week. These treatments leave Davila feeling "tired, weak, and in pain," and he believes that the risks associated with his medical conditions were exacerbated by the COVID-19 pandemic. SA 67.

In May 2020, Davila submitted a pro se motion for compassionate release in the District Court, and counsel was subsequently appointed to represent him. The District Court denied Davila's motion in August of 2020. The Court recognized that his request "present[ed] a close call" and that his medical condition, as well as the fact that numerous people in FMC Devens had died from COVID-19, presented an "extraordinary and compelling circumstance." SA 61. However, the District Court ultimately denied Davila's motion upon weighing the factors set out in 18 U.S.C. § 3553(a). It found that the "interests of society strongly militate against permitting Mr. Davila" to be released early from custody and that "he has not shown the type of remarkable change in character needed to justify him leaving" early. *Id.* The Court focused on the interest in "protecting the public from further danger" and ensuring that Davila "appreciates the consequences he must face for his crimes." *Id.*

Davila filed two subsequent pro se motions for compassionate release in November 2020 and May 2021, respectively. The District Court denied both motions for substantially the same reasons provided in its denial of Davila's first motion for compassionate release and found that neither of the subsequent motions presented new information or arguments warranting reconsideration.

On September 17, 2021, Davila filed a pro se Motion to Reopen the Time to File an Appeal and Notice of Appeal challenging the District Court's Order denying his third

3

motion for compassionate release. In its responsive brief, "[t]he Government waives any arguments regarding the timeliness of Davila's Notice of Appeal and requests that the case be decided on its merits." Appellee Br. 8 n.2. Upon appointing counsel for Appellant, a supplemental briefing schedule was ordered, and the parties filed their supplemental briefs addressing the merits of the appeal.

## II. DISCUSSION[1]

Davila requests that we vacate the District Court's Order denying him relief and remand the case with direction to grant his motion. He contends that "the District Court abused its discretion in denying" his "motion for compassionate release because it failed to consider all applicable" factors set out in 18 U.S.C. § 3553(a). Appellant Supp. Br. 7.

The Government responds that the District Court considered all the relevant § 3553(a) factors and found that they weighed in favor of denying the Motion for Compassionate Release. We agree.

Under 18 U.S.C. § 3582(c)(1)(A)(i), "[t]he court may not modify a term of imprisonment once it has been imposed except . . . the court, upon motion of . . . the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020); *see, e.g., United States v. Raia*, 954 F.3d 594, 595 (3d Cir.

---

[1] This Court has appellate jurisdiction under 28 U.S.C. § 1291.

4

2020). Thus, to grant compassionate release, a district court must first consider the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable to the specific case.

Here, the District Court found that Davila showed an extraordinary and compelling circumstance in light of his serious medical condition, the fact that people in FMC Devens have already died of COVID-19, and his concrete and reasonable fear of contracting and dying from COVID-19 while in prison. However, after considering the § 3553(a) factors of the "nature of the circumstances of the offense and the history and characteristic of the defendant" and "the need for the sentence imposed," the District Court found that "the interests of society strongly militate against" granting Davila's requested relief. SA 61; *see* § 3553(a)(1)-(2).

The District Court emphasized that "Davila sold heroin to teenagers," and that "after learning that his heroin killed one and caused another to go into a coma, his only response was to" hide from the police while he continued to sell drugs. SA 61. The Court found these acts exhibited Davila's "callous disregard for the dangers to human life that his conduct inflicted upon people." *Id.* The Court also noted that while Davila "has served a substantial amount of time" in prison, "he has not shown the type of remarkable change in character needed to justify" an early release.[2] *Id.*

---

[2] The District Court stated that Davila "has faced no disciplinary punishment in prison," *see* SA 61, and Appellant complains that the Court "failed to give adequate weight" to that "fact," *see* Appellant Supp. Br. 11. However, although not mentioned by the parties on appeal and by the District Court, the record reflects Davila had several disciplinary infractions while in prison. He was the subject of multiple incidents including "interfering with a staff member, refusing to obey an order, being in an unauthorized area, possessing an

In addition, Appellant points to no evidence in the record that Davila's release from incarceration at FMC Devens would necessarily result in Davila being "provide[d] . . . with needed . . . medical care . . . in the most effective manner." *See* § 3553(a)(2)(D). The record also appears to lack evidence that the dangers of the COVID-19 pandemic were equally as pressing when the Court denied his third motion for compassionate release in June 2021 as compared to when he filed his first such motion in May 2020.

Davila has failed to show that the District Court abused its discretion in denying his motion for compassionate release.[3] *See, e.g., United States v. Seibert*, 971 F.3d 396 (3d Cir. 2020) (noting that a court of appeals' review of a district court's application of the § 3553(a) factors is highly deferential). However, as the Government acknowledged at oral argument, Davila may file a new motion for compassionate release with a more robust record to support the § 3553(a) factors he believes weigh in favor of his early release from confinement.

---

unauthorized item, threatening bodily harm, and threatening a counselor." SA 46, 52. The record also reflects that Davila did not participate in the recommended classes set out in his 2020 Individualized Reentry program and 2021 Individual Needs plans.

[3] As the parties recognize, we review a district court's denial of a motion for compassionate release under the deferential abuse of discretion standard, s*ee Pawlowski*, 967 F.3d at 330. *See* Appellant Supp. Br. 12; Appellee Br. 2.

### III.   CONCLUSION

For the foregoing reasons, we affirm the District Court's denial of Mr. Davila's Motion for Compassionate Release.