**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1262
_____

UNITED STATES OF AMERICA

v.

RICHIE WHEELER,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:18-cr-00485-001)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 14, 2020

Before: KRAUSE, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: November 20, 2020)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

While trying to evade arrest, Richie Wheeler rammed his car into an SUV. Three

officers were inside. The sentencing court reasonably found that this ramming was

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

intentional, that two law-enforcement enhancements applied, that Wheeler's three counts of assault should not be grouped, and that a bottom-of-the-range sentence was fitting. We will affirm.

## I. BACKGROUND

Wheeler had an outstanding arrest warrant for gun possession stemming from a shooting. In 2018, a federal task force was seeking to arrest him on the warrant. Task-force officers spotted him in his car. The officers, driving unmarked vehicles, turned on their emergency lights. As they surrounded his car, Wheeler tried to evade them but crashed into a parked car. Now surrounded, he rammed his car into one of the unmarked vehicles, an SUV with three officers inside. That damaged Wheeler's car so he could no longer drive it. Wheeler pleaded guilty to three counts of assaulting the officers with a dangerous weapon, 18 U.S.C. § 111(a)(1), (b). The District Court sentenced him to three concurrent terms of ten years each. We review the District Court's factual findings for clear error and its reading of the Sentencing Guidelines de novo. *United States v. Fountain*, 792 F.3d 310, 318 (3d Cir. 2015).

## II. THE DISTRICT COURT CALCULATED WHEELER'S SENTENCE PROPERLY

### A. The court properly applied the statutory enhancement and the aggravated-assault guideline

First, Wheeler claims that the District Court improperly raised his sentence above the statutory maximum based on facts that it found. Not so. Wheeler pleaded guilty to three counts of assaulting a federal officer under 18 U.S.C. § 111(a)(1) and (b). Subsection (b) requires that the defendant "use[] a deadly or dangerous weapon" in the assault. Wheeler

2

did: a car counts as a dangerous weapon because it can easily injure or kill. Wheeler now argues that he did not intend to use the car as a dangerous weapon or to injure the officers. But § 111 is a general-intent statute. Wheeler did not have to "specifically intend to use a car as a deadly weapon to violate § 111(b)." *United States v. Gumbs*, 964 F.3d 1340, 1350 (11th Cir. 2020). Instead, he had to intend to use the car and do so "in such a manner that it [wa]s 'capable of causing serious bodily injury or death to another person.'" *Id.* (quoting *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002)). He admitted that he did. So he faced a maximum sentence of twenty years' imprisonment on each count. § 111(b). The District Court sentenced him to ten years' imprisonment on each count, well below that maximum.

Second, the District Court properly found facts in applying the aggravated-assault guideline. Under the guideline, an aggravated assault includes "a felonious assault that involved a dangerous weapon with intent to cause bodily injury … with that weapon." U.S.S.G. § 2A2.2 cmt. n.1(A). In his plea, Wheeler did not concede that he intended to cause bodily injury. So, he claims, the District Court could not find that he intended to injure the officers with his car. But in applying guidelines, sentencing courts may find facts by a preponderance of the evidence and use them to raise sentences to a level below the statutory maximum. *United States v. Grier*, 475 F.3d 556, 561–63 (3d Cir. 2007). That is what happened here.

Third, the District Court reasonably found that Wheeler had intentionally crashed into the officers' SUV. He claims that he was trying only to evade the officers and did not mean to injure them. So, he argues, his conduct could not meet the guideline's definition of

3

aggravated assault. The District Court was unpersuaded, as we are. As the officers closed in on him with their emergency lights flashing, he tried to flee but crashed into a parked car. Wheeler stipulated: "After becoming aware that law enforcement officers were attempting to arrest him, WHEELER drove [his car] in the direction of vehicles being used by the law enforcement officers, and struck a vehicle occupied by three federal law enforcement officers attempting to make the arrest." App. 30. One can try to flee from officers without driving in their direction. So the District Court did not clearly err in finding that he intended to drive "straight at law enforcement" and ram them with his car. App. 62.

Because the court reasonably found that the assault was aggravated, it properly applied the aggravated-assault guideline instead of the one for obstructing or impeding officers. *See* U.S.S.G. § 2A2.4(c)(1).

**B. There was no impermissible double-counting**

The District Court applied two guidelines enhancements because the victims were law-enforcement officers. Under the aggravated-assault guideline, it added two points for his specific offense: assaulting a federal officer. U.S.S.G. § 2A2.2(b)(7). It also gave him a separate six-point enhancement for victimizing law-enforcement officers. § 3A1.2(c)(1). That was proper. Sentencing courts may apply multiple overlapping guidelines unless the guidelines expressly forbid double-counting. *United States v. Seibert*, 971 F.3d 396, 400 (3d Cir. 2020). Here, the guidelines forbade the victim enhancement only if the court applied the guideline for obstructing or impeding officers. § 3A1.2(c)(1) & cmt. n.2. Because it did not, the court properly applied the victim enhancement. § 2A2.2(b)(7) & cmt. n.4.

4

Wheeler also argued that he did not create "a substantial risk of serious bodily injury" to the officers, as needed for the victim enhancement. §3A1.2(c)(1). But he rammed their SUV hard enough to disable his own car. The facts supported the enhancement.

### C. The District Court was not required to group the three counts in calculating the combined offense level

When calculating the combined offense level, the District Court treated each count to which Wheeler pleaded guilty as its own group. Because he pleaded guilty to three counts, the court added three points to his offense level. U.S.S.G. §3D1.4. Wheeler suggests that the counts should have been grouped together and run concurrently. But the grouping rules exclude offenses against the person, including assault, from grouping. §3D1.2(d) (excluding almost all offenses in Chapter Two, Part A).

Next, Wheeler argues that he did not know that the SUV contained three separate officers. But he pleaded guilty to three separate charges of assault, stipulated that he was aware that officer*s* (plural) were trying to arrest him, and stipulated that he drove toward those officers.

Wheeler also claims that the only direct victim was the driver. The other two, he says, should have been excluded as indirect or secondary victims. And none was injured. But all the officers in the car were "directly" affected and "identifiable" victims. §3D1.2 cmt. n.2. And assault with a dangerous weapon is punishable even if the victim suffers no injury. The District Court properly sentenced him based on all three officers.

5

### III. WHEELER'S SENTENCE WAS REASONABLE

Lastly, Wheeler argues that the District Court weighed the sentencing factors improperly and imposed a sentence that was substantively unreasonable. We review for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). We will affirm a sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

The parties dispute whether Wheeler preserved a procedural objection. Even if he did, the sentence was both procedurally and substantively reasonable. The District Court considered the factors in 18 U.S.C. §3553(a). It discussed the seriousness of his crime and criminal history, but also weighed his "many positive attributes." App. 65. It then sentenced him to ten years total, the bottom of the guidelines range and well below the sixty-year statutory maximum. That judgment was reasonable, and we will not disturb it.

\* \* \* \* \*

The District Court reasonably found facts and weighed the sentencing factors. After considering Wheeler's extensive criminal history and the severity of his aggravated assaults on officers, it reasonably sentenced him to the bottom of the guidelines range. We will affirm.