**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 20-2385
———————

UNITED STATES OF AMERICA
v.

KHALEE MUHAMMAD,
Appellant
———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:18-cr-00164-001)
District Judge: Honorable Brian R. Martinotti
———————

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 17, 2020

Before: AMBRO, BIBAS, and ROTH, *Circuit Judges*

(Filed: February 17, 2021)
———————

OPINION[*]
———————

BIBAS, *Circuit Judge*.

After being paroled from state prison, Khalee Muhammad committed a federal crime.

When he did, he not only lost his state parole, but also earned a separate federal sentence.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

In 2002, Muhammad got into a car accident and started yelling at the other driver. When the other driver's husband came to help her, Muhammad punched him in the face. He fell backward, hit his head on the pavement, and died four days later.

In New Jersey state court, Muhammad was convicted of attempted aggravated assault and sentenced to fifteen years' imprisonment. In 2016, he was paroled. While out on parole, he could not have guns.

In November 2017, state parole officers searched Muhammad's home, finding guns and ammunition. They arrested him and took him into custody. New Jersey revoked his state parole, and he served out the rest of his attempted-aggravated-assault sentence in state prison.

In the meantime, federal prosecutors charged him as a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). He pleaded guilty in July 2019. The District Court varied downward from the advisory Sentencing Guidelines range of forty-one to fifty-one months, sentencing him to thirty-three months' imprisonment. On appeal, Muhammad challenges his below-Guidelines sentence as substantively unreasonable.

We review sentencing decisions for abuse of discretion. *Gall v. United States*, 552 U.S 38, 46 (2007). We will affirm a sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Muhammad claims that because he had already spent twenty months in state prison, the District Court should have effectively credited that state time against his federal sentence and varied downward further. We disagree.

2

First, Muhammad claims that, under §5G1.3(b), his state sentence should have been credited against his federal one because it was based on relevant conduct to the federal crime. But that provision applies only when the prior sentence "resulted from another *offense* that is relevant conduct to the instant offense of conviction." U.S.S.G. §5G1.3(b) (emphasis added). Muhammad's state sentence punished him not for having guns in 2017, but for punching the driver's husband in 2002 and violating the resulting parole. His federal sentence was for the guns. So his state and federal imprisonments were for different offenses, and §5G1.3(b) does not apply. In any event, Muhammad did not raise this argument below, so he has forfeited it. There was no error, let alone plain error.

Next, Muhammad argues that the District Court abused its discretion by refusing to make his federal sentence concurrent with his state one under §5G1.3(d). He claims that it should have given more weight to his most recent stint in state custody because both the parole violation and the federal crime stemmed from the same conduct. But a sentencing court does not abuse its discretion by giving a mitigating factor less weight than the defendant suggests. *United States v. Seibert*, 971 F.3d 396, 402 (3d Cir. 2020). And as the District Court noted, "[t]he parole violation is a separate and distinct offense from the [federal weapons] offense." App. 69. Indeed, the Sentencing Guidelines give courts discretion but recommend running a sentence consecutively to the time served for the parole revocation. §5G1.3(d) & cmt. n.4(C). Otherwise, there would be no extra punishment for violating parole.

* * * * *

The District Court's below-the-range sentence was reasonable. And it did not have to credit his state time against his federal sentence. We will affirm.

* * * * *