**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1564
_____

UNITED STATES OF AMERICA

v.

JASON A. MUSKEY,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:15-cr-00018-001)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 24, 2023

Before: HARDIMAN, KRAUSE, and MATEY, *Circuit Judges*

(Filed: February 2, 2023)
_____

**OPINION**[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Jason Muskey appeals pro se from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Because we discern no abuse of discretion in the District Court's ruling, we will affirm.[1]

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Before granting compassionate release, however, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).  Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

Here, we cannot say that the District Court committed a clear error of judgment in concluding that no extraordinary and compelling reasons supported Muskey's release.  Although Muskey's medical conditions place him at a higher risk of serious illness from

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  We review a district court's decision to deny a motion for compassionate release for abuse of discretion.  *See United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).  Under this standard, "we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached."  *Id.* (quotation marks, alteration, and citation omitted).

COVID-19, the District Court permissibly weighed that risk against his receipt of a vaccine and demonstrated ability to manage his conditions in prison. *See Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) ("[W]idespread availability of the COVID-19 vaccine . . . eliminates [the] need for compassionate release") (quotation omitted); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). And while Muskey argues that another outbreak may occur, **Opening Br. at 2.,** the District Court did not abuse its discretion in relying on the circumstances at the time of its decision. *See generally United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Nor do we discern any abuse of discretion in the District Court's analysis of the sentencing factors under § 3553(a). *See United States v. Tinker*, 14 F.4th 1234, 1238-39 (11th Cir. 2021) (per curiam) (even assuming extraordinary and compelling reasons, courts may deny release under § 3582(c)(1)(A) based on the § 3553(a) factors alone). Rather, the Court reasonably concluded that several of these factors—including the need to reflect the seriousness of the offense, provide just punishment, promote deterrence, and protect the public—militated against a sentence reduction. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). **D. Ct. Dkt. 96 at 4.** In weighing these factors, the District Court highlighted the circumstances of Muskey's crimes, noted that he had served only half of

3

his sentence, and ultimately concluded that it would be inconsistent with the § 3553 factors to reduce his sentence. *Id. See United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (declining to disturb denial of motion for compassionate release when significant time remained in defendant's sentence and the seriousness of his crimes justified continued incarceration).

While Muskey argues that evidence of his rehabilitation should outweigh the other factors, mere disagreement with the District Court's judgment is insufficient to demonstrate abuse of discretion. *Cf. United States v. Seibert*, 971 F.3d 396, 402 (3d Cir. 2020); *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).[2]

Accordingly, we will affirm the District Court's judgment.

---

[2] To the extent that Muskey's motion could be construed as a request for home confinement, we note that Congress has conferred the exclusive authority to authorize home confinement on the Bureau of Prisons. *See* 18 U.S.C. § 3624(c)(2); *see also* CARES ACT, Pub. L. 116-136, Mar. 27, 2020, 134 Stat. 281, Div. B, Title II, § 12003(b)(2) ("[T]he Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under [§ 3624(c)(2)].").