NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2256
_____

UNITED STATES OF AMERICA

v.

NOE LEINHEISER,
                                        Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 1-04-cr-00006-001)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 26, 2023

Before:  JORDAN, KRAUSE and MONTGOMERY-REEVES, *Circuit Judges*

(Filed: July 5, 2023)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Noe Leinheiser appeals the District Court's denial of his request for

compassionate release.  He asserts that the District Court failed to address two of his

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

asserted medical grounds for such relief: his need for a knee replacement and dentures. Because the District Court did not abuse its discretion in denying the motion for compassionate release, we will affirm.

## I. BACKGROUND

While serving a prison sentence in the fall of 2003, Leinheiser called his then-mother-in-law and asked her to retrieve video and computer equipment from his apartment. He instructed her not to look at any of the content on the equipment. She was suspicious because Leinheiser had "mess[ed] around" with young girls, so, after retrieving the equipment, she told her daughter (Leinheiser's estranged wife) about Leinheiser's request. (Answering Br. at 5 (quoting PSR ¶ 8).) After viewing pictures and videos of nude minors, the daughter called the police, who in turn contacted the Federal Bureau of Investigation ("FBI").

The FBI conducted a search of Leinheiser's apartment, video equipment, and computer, and the search revealed numerous images of apparent minors engaged in sexual conduct. The four minors identified in those images – ages fourteen to sixteen – testified that between March and August of 2003, Leinheiser persuaded them to engage in sexual conduct, sometimes with each other, and sometimes with Leinheiser, in exchange for money, alcohol, and cigarettes.

The government charged Leinheiser with five counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) (Counts 1-5); possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 6); enticing a minor to travel interstate for the purpose of engaging in an illegal sex act, in violation of 18 U.S.C.

2

§ 2423(a) (Count 7); and a count of forfeiture (Count 8).  Leinheiser reached an agreement with the government to plead guilty to Counts 3, 7, and 8, in return for a sentence of 25 years' imprisonment.  Consistent with the plea agreement, the District Court sentenced Leinheiser to a term of 300 months to run consecutively to the 21-month term of imprisonment he was then serving.  According to the government, Leinheiser's projected release date is August 10, 2026.

In October 2021, Leinheiser filed a motion for compassionate release.  The District Court appointed the Federal Public Defender to represent him.  In a brief in support of his motion, he argued that compassionate release should be granted based on his need for a knee replacement and dentures, and his increased risk of death due to COVID-19.  The District Court denied the motion, noting that Leinheiser's "principal argument is that the failure of the prison to schedule him for knee replacement and to provide new dentures justifies his early release."  (App. at 5.)  Determining that those medical issues did not increase Leinheiser's risk of severe illness from COVID-19, the Court held that Leinheiser had not identified extraordinary and compelling reasons for compassionate release.  It went on to explain that, even if Leinheiser could establish extraordinary and compelling reasons in support of his motion, the 18 U.S.C. § 3553(a) factors weighed against release, stating that:

> [r]equiring him to serve the remainder of his twenty-five-year sentence, which was imposed pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement, is necessary to protect the public, promote respect for the law, and serve the purposes of deterrence and adequate rehabilitation.

(App. at 5.)

3

Leinheiser has timely appealed.

## II. DISCUSSION[1]

"[B]efore granting compassionate release, a district court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). "The sentencing reduction must also be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* at 329 n.6 (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sentencing Commission has issued a policy statement,[2] which, as relevant here, provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if it finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other

---

[1] The District Court had subject matter jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review factual determinations under the compassionate release statute, 18 U.S.C. § 3582(c)(1), for clear error, and we review for abuse of discretion a district court's judgment as to whether compassionate release is warranted. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

[2] The policy statement includes an application note providing examples of medical conditions that might qualify as "extraordinary and compelling reasons." U.S.S.G. § 1B1.13 cmt. n.1(A). The standard may be met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). Additionally, the standard may be met if the defendant is: "suffering from a serious physical or medical condition … a serious functional or cognitive impairment," or the defendant suffers from "deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

4

person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[3]

Leinheiser does not dispute that the District Court considered the relevant § 3553(a) factors. Rather, he devotes most of his opening brief to chronicling painful knee issues that resulted from his having jumped out of a truck in 2003, before his incarceration, and his need for a full set of dentures. According to Leinheiser, he has "been waiting for seven years for the [Board of Prisons] to provide him with a knee replacement. And during this period, the BOP repeatedly scheduled orthopedic consults and then transferred him to different institutions, forcing him to restart the process." (Opening Br. at 27.) He also states that "he has been without teeth and in need of dentures for six years." (Opening Br. at 27.) Neither the government nor the District Court have disputed the factual basis for his motion for compassionate release, and we have no reason to question that basis now.

Leinheiser's legal argument boils down to his assertion that the "the district court misapprehended [his compassionate release claim], characterizing [it] – incorrectly – as one based solely on COVID-19 susceptibility." (Opening Br. at 28.) Citing our opinion in *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010), he asserts that the District

---

[3] Given that the current policy statement does not reflect changes in the law from the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, we have held that the policy statement is not binding, but "it still sheds light on the meaning of extraordinary and compelling reasons." *Andrews*, 12 F.4th at 259-60 & n.4.

Court failed to "meaningfully consider a colorable argument that involves the factors in 18 U.S.C. § 3553(a)[,]" as it was required to do.  (Opening Br. at 29.)

Contrary to that assertion, however, it is clear from the record that the District Court did consider each of Leinheiser's medical issues.  The opinion states:

> Although [Leinheiser] suffers from diabetes, obesity, and high blood pressure, which may place him at increased risk of severe illness from COVID-19, his principal argument is that the failure of the prison to schedule him for knee replacement and to provide new dentures justifies his early release.

(App. at 5.)

The opinion later states that "Leinheiser has provided no medical support for his contention that his knee- or dental-related issues increase his risk of severe illness from COVID-19[,]" which, along with the above excerpt, shows that the District Court reviewed all three of Leinheiser's medical arguments – as opposed to just considering his COVID-19 argument – but found that they did not warrant compassionate release.  (App. at 5.)  *See United States v. Seibert*, 971 F.3d 396, 402 (3d Cir. 2020) ("As we have previously explained, a district court's failure to give mitigating factors the weight a defendant contends they deserve does not make a sentence substantively unreasonable.") (internal quotation marks omitted.)

The District Court's determination that Leinheiser's medical issues did not rise to the level of "'extraordinary and compelling reasons' for compassionate release" was not an abuse of discretion.  (App. at 5.)  The record does not indicate that Leinheiser suffers from the types of illnesses that the Sentencing Commission has identified as "extraordinary and compelling[,]" such as a terminal illness or inability to provide self-

6

care.  U.S.S.G. § 1B1.13 cmt. n.1(A).  Moreover, even if Leinheiser had identified some extraordinary and compelling reason that might justify his release, there is no basis to overturn the District Court's discretionary decision against release, as it properly considered the 18 U.S.C. § 3553(a) factors and determined that they "counsel[] against reducing his sentence to time served."  (App. at 5.)  *See United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021) ("[A] grant of compassionate release is a purely discretionary decision.  ….  Under the abuse-of-discretion standard, we will not disturb the court's determination unless we are left with a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached.") (internal quotation marks omitted).

## III.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's order denying Leinheiser's motion for compassionate release.