NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2295
_____

UNITED STATES OF AMERICAN

v.

STEVEN B. WILKINSON,
                                    Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 1-93-cr-00158-001)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 29, 2023

Before:  JORDAN, KRAUSE and SMITH, *Circuit Judges*

(Filed July 6, 2023)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Steven Wilkinson challenges the substantive reasonableness of his sentence.  He

asserts that the District Court erred in declining to grant him a downward variance

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

because it failed to sufficiently account for several mitigating factors, principally, that he had allegedly served several years' imprisonment unnecessarily. Because the District Court's imposition of a within-guidelines sentence was substantively reasonable, we will affirm.

## I.     BACKGROUND

Wilkinson has an extensive criminal record dating back to a 1976 conviction for statutory rape of a 13-year-old girl when he was 19 years old. Relevant here, Wilkinson was later convicted for rape in 1983, and, in 1992, he was convicted of several Pennsylvania crimes: involuntary deviant sexual intercourse, receiving stolen property, and carrying a firearm without a license.[1] In July 1993, while Wilkinson was in state custody, the government filed a one-count Information in the U.S. District Court for the Middle District of Pennsylvania, charging him with possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). Because Wilkinson had previously been convicted of three violent felonies, he qualified as an armed career criminal under 18 U.S.C. § 924(e)(1), which carries a 15-year mandatory minimum sentence. Wilkinson pled guilty to the federal charge, and he was sentenced to 210 months' imprisonment, to be followed by 60 months' supervised release. The court ordered the federal sentence to run concurrently with Wilkinson's state sentences.

---

[1] The underlying conduct for the 1992 convictions occurred on November 16, 1991, when Wilkinson forced a woman to have sex with him in his home by threatening her with a loaded gun that had been stolen. Wilkinson was sentenced to one-to-two years' imprisonment for involuntary deviant sexual intercourse, three-to-seven years for receiving stolen property, and two-to-five years for carrying a firearm without a license.

On February 12, 2007, one day before Wilkinson's release from federal custody, the Bureau of Prisons certified him as a "sexually dangerous person" pursuant to 18 U.S.C. § 4248(c). *United States v. Wilkinson*, 2008 WL 427295, at *2 (D. Mass. Feb. 14, 2008). The U.S. District Court for the District of Massachusetts subsequently found probable cause that Wilkinson would commit a sexually violent crime, so he remained in federal custody pending a final determination by the court. *Id.* at *8-9. On August 20, 2009, the court ruled that Wilkson was not subject to civil commitment and could be released from federal custody. *United States v. Wilkinson*, 646 F. Supp. 2d 194, 208-09 (D. Mass. 2009). As a result, he was transferred back to Pennsylvania state custody to serve the remainder of his state sentences. *United States v. Wilkinson*, 2010 WL 598609, at *1 (M.D. Pa. Feb. 17, 2010). Wilkinson remained in state custody until April 3, 2015, at which point he began serving his term of supervised release.

While on supervised release, Wilkinson was twice arrested for driving under the influence ("DUI") – first in March 2016 and again in April 2016. Also in April 2016, Wilkinson was charged for failing to register as a sex offender as required by state law. He pled guilty to all three of those state offenses.[2] In April 2022, Wilkinson completed his state sentences and appeared before the U.S. District Court for the Middle District of Pennsylvania in May 2022 for a Final Supervised Release Revocation Hearing. At the hearing, Wilkinson admitted to both DUIs, having failed to register as a sex offender,

---

[2] He was sentenced to 6 months' probation for the first driving under the influence charge, and five days-to-six months' imprisonment for the second. He received a sentence of three-to-six years' imprisonment for failing to register as a sex offender.

having failed to notify U.S. Probation of contact with law enforcement, and having failed to complete a mental health and sex offender treatment program, all in violation of his supervised release.

Although the parties agreed that, under the U.S. Sentencing Guidelines, Wilkinson was subject to a prison term of 21-to-27 months due to the violations of his supervised release, Wilkinson filed a sentencing memorandum asking the Court for a downward variance to time served and no supervision. In support of that request, Wilkinson made the following arguments: (1) that he overserved his previous sentence by five years because, after his federal sentence ended on September 8, 2009, he was returned to state custody until April 3, 2015, even though the state and federal sentences were intended to run concurrently[3]; (2) that he would not qualify as an armed career criminal if he were sentenced in 2022 because his predicate convictions were no longer considered violent felonies; and (3) that he was wrongfully convicted for failing to register as a sex offender in 2016 because the Pennsylvania Supreme Court, in *Commonwealth v. Muniz*, 164 A.3d 1189, 1218 (Pa. 2017), subsequently struck down Pennsylvania's sex offender registration scheme.

The District Court considered and rejected each of Wilkinson's arguments. First, the Court determined that, from September 17, 2009, to January 23, 2015, Wilkinson was

---

[3] On June 7, 2022, Wilkinson filed a supplemental sentencing memorandum admitting that he did not overserve his sentence from 2009 to 2015 because, during that period, he was serving "state parole back time" due to state parole violations. (App. at 32 & n.1).

appropriately serving a state parole sentence and, therefore, did not overserve his federal sentence. Second, it determined that the 31 months Wilkinson spent in federal custody while awaiting a civil commitment determination were unrelated to Wilkinson's conduct on supervised release, which was the proper basis for the sentencing. Relatedly, the Court noted that if the Bureau of Prisons determined that Wilkinson was owed time credited against the current sentence, it had the discretion to grant such credit. Third, the Court acknowledged that Wilkinson might no longer be an armed career criminal under current caselaw, but it found that Wilkinson was properly sentenced in 1993. Finally, the Court declined to address the merits of whether Wilkinson was wrongfully convicted of failing to register as a sex offender as he had pled guilty and never attacked the conviction on appeal.

After observing Wilkinson's "complete failure to comply with the basic expectations of supervision each time [he was] released[,]" the Court determined that a 21-month term of imprisonment – the bottom of the U.S. Sentencing Guidelines range – was "appropriate in order to provide adequate community protection and deterrence." (App. at 118). Wilkinson has timely appealed.

## II.    DISCUSSION[4]

Wilkinson argues on appeal that the District Court abused its discretion by denying his request for a downward variance to time served. Asserting that his sentence

---

[4] The District Court had subject matter jurisdiction over this criminal case pursuant to 18 U.S.C. §§ 3231 and 3583(e). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

5

was substantively unreasonable because it failed to account for "compelling mitigating factors," he marshals the same arguments he made before the District Court, namely: "that: 1) he served more time in prison on his federal sentence than he should have served; 2) if sentenced today, he would not qualify as an armed career criminal; and 3) he was wrongfully convicted for failing to register as a sex offender." (Opening Br. at 9.)

We review the substantive reasonableness of a sentence imposed for a violation of supervised release by determining "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). In so doing, we apply an abuse-of-discretion standard, *United States v. Fumo*, 655 F.3d 288, 308 (3d Cir. 2011), which requires the Court to affirm unless "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided[,]" *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

The transcript of Wilkinson's sentencing hearing reflects that the District Court considered the 18 U.S.C. §3553(a) factors in imposing a sentence at the bottom of the U.S. Sentencing Guidelines range. *See United States v. Olhovsky*, 562 F.3d 530, 547 (3d Cir. 2009) (holding that district courts need not discuss every factor contained in § 3553(a) so long as the record makes clear that the factors were considered at sentencing.) The Court specifically balanced, on the one hand, aggravating factors such as Wilkinson's "very serious criminal convictions" his "complete failure to comply with the basic expectations of supervision each time [he was] released[,]" and that he remains "a danger to the public," against mitigating factors such as Wilkinson's relatively

6

advanced age and his past difficulty in adjusting to societal expectations "after being released from an incredibly long period of institutionalized life[.]" (App. at 118.)

And, as discussed above, the District Court reviewed each of Wilkinson's three arguments, determining that none of them warranted granting a downward variance. *See United States v. Seibert*, 971 F.3d 396, 402 (3d Cir. 2020) ("As we have previously explained, a district court's failure to give mitigating factors the weight a defendant contends they deserve does not make a sentence substantively unreasonable."). Of particular note, although the District Court acknowledged that Wilkinson may have unnecessarily spent time in prison while awaiting a civil commitment ruling, it reasoned that Wilkinson's conduct "while [he was] under federal supervision" in 2016 was the appropriate focal point for evaluating Wilkinson's sentence for a violation of supervised release. (App. at 117.) It was reasonable for the Court to determine that, for the purposes of sentencing, Wilkinson's past imprisonment was unrelated to his later conduct while on supervised release.

Because the District Court considered not only Wilkinson's arguments, but also the 18 U.S.C. §3553(a) factors – and explained its findings on the record – we cannot say that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

III.    CONCLUSION

For the foregoing reasons, we will affirm the District Court's sentence.

7