**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3041
_____

UNITED STATES OF AMERICA

v.

JAMIL KING, a/k/a Mil,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2:23-cr-00240-001)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 4, 2025
_____

Before:  CHAGARES, Chief Judge, FREEMAN and BOVE, Circuit Judges

(Filed: December 8, 2025)
_____

OPINION*
_____

_____

\* This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Jamil King appeals his conviction for possession with intent to distribute cocaine and his consequent 225-month sentence. For the reasons that follow, we will affirm.

I.[1]

Based on information obtained during a drug distribution investigation, authorities secured a warrant to search a residence believed to be King's in Jersey City, New Jersey. Shortly before executing the search warrant, officers reviewed CCTV footage showing King, who was wearing a yellow Nike sweatshirt, enter a white Hyundai automobile with an associate and drive down the one-way street leading to King's suspected residence. Officers arrived on the scene about twenty minutes later and observed the white Hyundai and King's associate in front of the residence, but King was not there. A neighbor volunteered to one of the officers that "the big guy ran upstairs." Appendix ("App.") 185.

Officers then entered the residence to execute the warrant. Although they did not encounter King, they found a pair of yellow Nike sweatpants with a plastic bag in the pocket, which was later determined to contain 50 grams of cocaine. The sweatpants, which bore a bloodstain, were eventually tested for DNA that was matched to King. Officers also found a piece of mail addressed to King.

King was located and arrested several days later. He was charged with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] Because we write for the parties, we recite only facts pertinent to our decision.

(b)(1)(C).  After a three-day trial, a jury found him guilty.  The District Court denied King's motion for a new trial and entered judgment against him.  The District Court adjudged King a career offender, yielding a Guidelines range of 210 to 240 months.  The District Court sentenced King within that range, to 225 months of imprisonment.  This timely appeal followed.

II.[2]

King challenges three evidentiary rulings rendered during the proceedings.  We review the District Court's evidentiary determinations for abuse of discretion.  See United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010).  We will not reverse unless no reasonable person would adopt the District Court's view.  Id.

A.

King first challenges evidence presented to the jury of other, non-charged drug distribution activity in the period immediately prior to the charged offense.  King claims this was propensity evidence that should have been excluded because its probative value was outweighed by prejudice to him.

To be admitted under Federal Rule of Evidence 404(b), evidence of uncharged crimes must:  "(1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy [Federal Rule of Evidence] 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it."  Green, 617 F.3d at 249.  A proper purpose is probative of a material issue other than character.  Id. at 250.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

The District Court admitted the evidence of King's uncharged prior drug distribution activity for the non-propensity purposes of showing knowledge, absence of mistake or lack of accident, and intent. It concluded that the evidence made his knowledge of the presence of the cocaine in his sweatpants pocket more likely than it would have been without that evidence, and less likely to have been an accident or a mistake. The District Court concluded that knowledge and intent are elements of the charged crime and that King was challenging those elements, so the evidence was highly probative and outweighed the potential prejudice. The District Court also provided a limiting instruction to mitigate prejudice.

"Knowledge, intent, and lack of mistake or accident are well-established non-propensity purposes for admitting evidence of prior crimes or acts." United States v. Givan, 320 F.3d 452, 461 (3d Cir. 2003). The District Court did not err in determining that King's prior drug distribution in the time shortly before his arrest made it more probable that he had knowledge of the drug trade and made it less likely that his arrest was a mistake. See United States v. Garner, 961 F.3d 264, 273–74 (3d Cir. 2020). Additionally, the District Court's limiting instruction appropriately explained the proper, non-propensity purposes for which the jury could consider the evidence. See Green, 617 F.3d at 252. King has not established that no reasonable person would have adopted the District Court's view that the evidence was admissible for non-propensity purposes and that its probative value outweighed any prejudice to King. The District Court therefore did not abuse its discretion in admitting that evidence.

4

B.

King next contests the District Court's admission of testimony from a police officer that, on the night of the search of King's home, King's neighbor stated — referring to King — "the big guy went upstairs." App. 97. The District Court concluded that the statement was admissible under Federal Rule of Evidence 803(1) as a present sense impression. The District Court found that "[t]he neighbor was not describing a past event at some . . . remote time, but warning the officer about the present characteristics of a man who had just slipped past him." App. 141. King claims the neighbor's statement was not contemporaneous with the perceived event. He relies on the officer's statement that the neighbor "didn't give [him] a time" of when King went upstairs. App. 209.

The District Court found, however, that the evidence showed that the neighbor's statement was "made with substantial contemporaneity to the neighbor observing a big guy go upstairs." App. 137. The District Court found that the neighbor made his observation "after seeing law enforcement approaching," about five minutes before making the statement. App. 138. This finding is plausible based on the evidence presented.[3] King therefore cannot show that the District Court's contemporaneity finding is clearly erroneous. See United States v. Caraballo, 88 F.4th 239, 244 (3d Cir. 2023) (observing that clear error has not occurred if the District Court's account is plausible in light of the entire record).

---

[3] It is undisputed that the vehicle Mr. King was riding in pulled down the street in question at 9:19 p.m., the police executed the search warrant at 9:39 p.m., and within five minutes of executing the warrant, the neighbor made the comment in question to the officers.

The passage of several minutes between the neighbor's observation and his statement to the police does not undermine the District Court's ruling. There is no per se rule indicating a specific length of time that is too long to be contemporaneous. See United States v. Lovato, 950 F.3d 1337, 1344 (10th Cir. 2020); United States v. Mitchell, 145 F.3d 572, 577 (3d Cir. 1998) (citing cases). We cannot conclude on this record that no reasonable person would agree with the District Court's determination that the neighbor's statement was sufficiently contemporaneous to be a present sense impression.[4]

King further claims that the neighbor's statement was testimonial and therefore implicates King's confrontation right. He argues that the neighbor should have presumed that he was making a formal statement to law enforcement, which would likely be used at trial. We are unpersuaded.

A statement is not testimonial if it describes presently unfolding events and is made for the purpose of assisting police in handling an ongoing emergency. See Davis v. Washington, 547 U.S. 813, 822 (2006). Here, the District Court found that the neighbor's statement was a description of present circumstances requiring police assistance. King offers nothing to establish that this finding was clearly erroneous, providing only his conclusory view that the neighbor should have presumed that his

_____

[4] King also claims that the statement was the result of a "back-and-forth" in which the officer asked the neighbor what had happened. King Br. 16. But the record citation King offers in support shows that the neighbor made the statement to the officer before the officer asked what had happened. King additionally observes that the officer's body camera was later turned off, but the absence of subsequent body camera footage does not impact our analysis of whether the District Court properly admitted the neighbor's statement.

statement would be used at trial.  In light of its finding, the District Court appropriately determined that the statement was not testimonial.

C.

Cooperating witness and former drug dealer Walter Kirkland testified at trial that his now-deceased wife told him of a conversation with King, in which King proposed to replace her drug supplier in their drug trafficking business.  Kirkland explained that King told his wife that he wanted to take over their drug stash and create a confrontation with their supplier, Boonka, in order to "bring harm to" Boonka and take over his business. App. 258.  King claims that this hearsay statement should not have been admitted as an excited utterance under Federal Rule of Evidence 803(2).  He argues that it was not spontaneous, but made only after questioning by Kirkland, giving his wife time to reflect and fabricate.

King offers no support for his position that it is an abuse of discretion to admit as an excited utterance a statement made following questioning.  We do not agree with his view that responding to questions is dispositive.  See, e.g., United States v. Irizarry-Sisco, 87 F.4th 38, 47 (1st Cir. 2023) ("[T]he presence of questioning is not dispositive."); United States v. Magnan, 863 F.3d 1284, 1293 (10th Cir. 2017) ("[N]o categorical rule exists that a statement made in response to a question falls outside the exception for excited utterances.").  Under the facts of the case as found by the District Court,[5] we see

---

[5] The District Court found Kirkland testified credibly that his wife's interaction with King had been startling and that she was visibly upset immediately afterward.  Although the District Court acknowledged that Kirkland then had to press her to explain what had happened, it found that she nonetheless made her statements "before there had been time

7

no abuse of discretion in the District Court's assessment that the statement was admissible because Kirkland's questions to his wife shortly after her interaction with King did not result in sufficient time for her to reflect and fabricate.

King also claims that Kirkland's wife's statements are testimonial because they are about a "past fact," King Br. 20, and therefore run afoul of the Confrontation Clause. This claim lacks merit. The statements were part of a private conversation between spouses in their home. The District Court correctly determined that these statements were informal and not made for the purpose of creating an out-of-court substitute for trial testimony. See United States v. Hendricks, 395 F.3d 173, 181 (3d Cir. 2005) (observing that a private conversation, unlike a statement to a government officer, is not testimonial for purposes of the Confrontation Clause).

### III.

After trial, King moved for a new trial pursuant to Federal Rule of Criminal Procedure 33(a), claiming that his conviction was against the weight of the evidence. Such a motion will only be granted if there is serious danger that a miscarriage of justice has occurred. United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002). Such motions are disfavored and should be granted sparingly and only in exceptional cases. United States v. Salahuddin, 765 F.3d 329, 346 (3d Cir. 2014). We review the District Court's denial of the motion for a new trial for abuse of discretion. United States v. Silveus, 542 F.3d 993, 1005 (3d Cir. 2008).

---

to reflect and fabricate." App. 278. King has not demonstrated that these findings are clearly erroneous.

King claims the evidence presented at trial was insufficient to establish: (1) that he possessed cocaine; and (2) that he was engaged in drug trafficking. We are unpersuaded.

King contends that "the Government's evidence . . . failed to establish that King possessed the cocaine on his actual person." King Br. 22. Yet in denying King's Rule 33 motion, the District Court correctly observed that it was not necessary for the Government to prove that King physically held the cocaine on his person, only that the cocaine was within his constructive possession. See United States v. Iglesias, 535 F.3d 150, 156 (3d Cir. 2008) (observing that constructive possession, which may be proved by circumstantial evidence, requires the individual to have the power and intent to exercise dominion and control over the object in question). At trial, the evidence showed, among other things, that the cocaine was found in a pair of sweatpants in an apartment at which King received mail, the sweatpants matched the yellow Nike sweatshirt King had been wearing the night the cocaine was seized, and the sweatpants contained King's DNA. The District Court did not abuse its discretion by determining that this circumstantial evidence was sufficient for the jury to find that King had constructive possession of the cocaine.

King next claims that "there was no evidence that King had sold controlled dangerous substances on the day of the search or was otherwise engaged in the sale of narcotics." King Br. 22. Contrary to King's claim, however, it was not necessary for the Government to prove that King engaged in drug trafficking. Rather, the Government was required to prove beyond a reasonable doubt that King had the intent to distribute

9

cocaine.  See Iglesias, 535 F.3d at 156 (setting forth elements of the crime of possession with intent to distribute a controlled substance).  There was evidence at trial that the quantity of cocaine recovered from King's sweatpants far exceeded an amount that would be kept for personal use, and there was evidence that King recently had tried to set up a drug trafficking arrangement with Kirkland and his wife.  Again, the District Court did not abuse its discretion by concluding there was sufficient circumstantial evidence presented at trial to establish the intent to distribute element of the crime.

IV.

King, who was designated as a career offender with a Guidelines range of 210 to 240 months, challenges his 225-month within-Guidelines sentence as excessive.[6]  We review the substantive reasonableness of a sentence for abuse of discretion.  See United States v. Jackson, 132 F.4th 266, 277 (3d Cir. 2025).  We presume that a procedurally sound within-Guidelines sentence is reasonable.  United States v. Jumper, 74 F.4th 107, 114 (3d Cir. 2023).  We will affirm the District Court's sentence unless no reasonable court would have imposed the same sentence for the reasons provided.  Jackson, 132 F.4th at 279.

King contests the substantive reasonableness of his sentence by arguing that, because his first predicate offense occurred when he was 17 years old, his youth at the beginning of his criminal career should have resulted in a lower sentence.  This claim is unavailing.  The record demonstrates that the District Court meaningfully considered the

---

[6] Before the District Court, King did not challenge his career offender designation or the calculation of the Guidelines range, and he did not move for a downward departure.

10

sentencing factors under 18 U.S.C. § 3553(a), and King does not argue otherwise. The District Court's decision not to give the mitigating factor of King's young age at the time of his first predicate offense as much weight as King believes it warrants does not, without more, render his sentence for his current offense unreasonable. See United States v. Seibert, 971 F.3d 396, 402 (3d Cir. 2020). Because King has offered no other basis for setting aside his sentence, he has not met his "heavy burden" to show that his presumptively reasonable within-Guidelines sentence was an abuse of the District Court's discretion. Id.

V.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.