**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1281
_____

UNITED STATES OF AMERICA

v.

VICTOR AGOSTO-CRUZ,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 1:22-cr-00120-001)
District Judge:  Honorable Colm F. Connolly
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 7, 2025

Before: RESTREPO, MONTGOMERY-REEVES, and SCIRICA, *Circuit Judges*.

(Opinion filed: March 19, 2025)
_____

OPINION*
_____

MONTGOMERY-REEVES, *Circuit Judge*.

Victor Agosto-Cruz challenges the substantive reasonableness of his within-range

sentence under the United States Sentencing Guidelines (the "Guidelines").  Because we

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

cannot conclude that no reasonable court would have imposed his ultimate sentence based on the reasons provided by the District Court, we will affirm.

## I.    BACKGROUND

After four controlled purchases of suspected heroin from Agosto-Cruz, the U.S. Drug Enforcement Administration (the "DEA") surveilled his home and obtained arrest and search warrants.  Officers eventually arrested Agosto-Cruz and searched his person, residence, and stash house.  Agosto-Cruz had numerous bags of heroin and crack cocaine on his person, 1.4 grams of crack at his residence, and about 45 grams of crack cocaine, 24 grams of heroin, and 32 grams of fentanyl at his stash house.

Agosto-Cruz was charged with possession with intent to distribute heroin, cocaine base, and cocaine.  *See* 21 U.S.C. §§ 841(a)(1) & (b)(1)(C).  He pleaded guilty to all three counts.  A U.S. Probation Officer completed a Presentence Investigation Report and calculated Agosto-Cruz's total offense level as 21 with a criminal history category of I, resulting in an applicable Guidelines range of 37 to 46 months.

Agosto-Cruz requested a downward variance to 24 months in part because he was ineligible for release to a halfway house due to his immigration status.  Agosto-Cruz also raised his mother's death, his status as a father, and his limited criminal history as mitigating factors.  The Government countered that one's immigration status can be either a mitigating or an aggravating factor and that this case was the latter given Agosto-Cruz's illegal drug dealing.  As such, the Government requested 37 months'

imprisonment.  The District Court imposed the maximum within-range sentence of 46

months.  Agosto-Cruz timely appealed.

## II.    DISCUSSION[1]

To succeed in his challenge to the substantive reasonableness of his sentence,

Agosto-Cruz must show that "no reasonable sentencing court would have imposed the

same sentence on [him] for the reasons the district court provided."  *United States v.*

*Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (first citing *Gall v. United States*, 552

U.S. 38, 51 (2007); and then citing *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir.

2007)).[2]  This inquiry rests not on examination of "one or two factors, but on the totality

of the circumstances."  *Id*. at 567 (first citing *Gall*, 552 U.S. at 51; and then citing *United*

*States v. Howe*, 543 F.3d 128, 137 (3d Cir. 2008)).  And, in conducting this inquiry, we

"must 'give due deference to the district court's determination that the § 3553(a) factors,

---

[1] The District Court had jurisdiction over this case under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] We review the procedural and substantive reasonableness of Agosto-Cruz's sentence under the deferential abuse-of-discretion standard.  *Tomko*, 562 F.3d at 567 (first citing *Gall*, 552 U.S. at 51; and then citing *United States v. Wise*, 515 F.3d 207, 217–18 (3d Cir. 2008)).  The party challenging the sentence carries the burden of demonstrating unreasonableness.  *Id*. (citing *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006) (en banc)).  Agosto-Cruz only challenges the substantive reasonableness of his sentence.  Because neither party argues that the District Court's sentence is procedurally unsound, we will proceed to substantive reasonableness.

on a whole,' justify" Agosto-Cruz's sentence. *Id*. at 568 (quoting *Gall*, 552 U.S. at 51) (citing *Bungar*, 478 F.3d at 543).

In conducting this substantive reasonableness inquiry, "we look to 'whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors.'" *United States v. Handerhan*, 739 F.3d 114, 124 (3d Cir. 2014) (quoting *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011)). But "[a]s we have previously explained, 'a district court's failure to give mitigating factors the weight a defendant contends they deserve' does not make a sentence substantively unreasonable." *United States v. Seibert*, 971 F.3d 396, 402 (3d Cir. 2020) (quoting *Bungar*, 478 F.3d at 546) (citing *Young*, 634 F.3d at 243), *as amended by* 991 F.3d 1313 (3d Cir. 2021). "It is the trial court that 'sees and hears the evidence, makes credibility determinations, [and] has full knowledge of the facts and gains insights not conveyed by the record.'" *Id*. (alteration in original) (quoting *Tomko*, 562 F.3d at 561). "We thus defer to the District Court's application of the § 3553(a) factors." *Id*. (citing *Bungar*, 478 F.3d at 543).

Agosto-Cruz argues that the District Court's sentence "plac[ed] too much emphasis on [his] citizenship status and too little emphasis [on his] mitigating factors[.]" Opening Br. 3. But the District Court considered all of Agosto-Cruz's proposed mitigating factors—his minimal criminal history, his mother's death, and his desire to be present in the lives of his children—before concluding that Agosto-Cruz's decision to sell cocaine and heroin warranted a within-Guidelines sentence. True, the District Court discussed Agosto-Cruz's citizenship status, finding that Agosto-Cruz came "to this

4

country to do harm to the people who live here" unlike other immigrants. App. 95. The District Court then sentenced Agosto-Cruz to 46 months' imprisonment in light of "the serious nature of the offense, the need to send a strong message of deterrence to [Agosto-Cruz] personally[,] and to the public at large." App. 97. But because the District Court's meaningful consideration of the § 3553(a) factors prevent Agosto-Cruz from showing that no other reasonable sentencing court would have imposed the same sentence, we cannot conclude that the sentence is substantively unreasonable. *United States v. Merced*, 603 F.3d 203, 215–16 (3d Cir. 2010); *see also Cooper*, 437 F.3d at 329; *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008).

## III. CONCLUSION

For the reasons discussed above, we will affirm the District Court's judgment.