**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2407

_____

UNITED STATES OF AMERICA

v.

HITESHKUMAR PATEL,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:17-cr-00189-001)
District Judge: Hon. Robert D. Mariani

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 14, 2025

_____

Before: SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Filed: August 14, 2025)

_____

OPINION[*]

_____

---

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

From 2015 to 2016, Patel orchestrated a series of scams that fraudulently collected more than $1 million from more than 600 victims. He pleaded guilty to conspiracy to commit mail and wire fraud, 18 U.S.C. §§ 1341, 1343, and 1349, and aiding and abetting aggravated identity theft, 18 U.S.C. §§ 1028A(a)(1), (c)(5), and 2. Under the 2016 Guidelines, Patel's sentencing range was 159 to 192 months' imprisonment. The District Court focused on the "devastating effect" the offense had on Patel's victims, the need to protect the "unsophisticated . . . the elderly and the naive," and the "reprehensible" nature of the offense, demonstrating a "lack[ of] any basic human decency." App. 84–85. Based on these factors, it varied upward to a combined sentence of 234 months' imprisonment.

In 2024, Patel moved for a reduction in sentence under 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the Guidelines. If applied, the amendment would reduce his criminal history category, resulting in a Guidelines range of 145 to 175 months' imprisonment. Patel argued that his rehabilitative efforts justified a reduction. The United States opposed any reduction based on the sentencing factors. Recounting its original findings, the District Court concluded there was "no changed circumstance which alter[s] the application of the [18 U.S.C.] § 3553(a) factors explicated at sentencing" and denied the motion. App. 10.[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a sentence reduction under section 3582(c)(2) for an abuse of discretion. *United States v. Thompson*, 825 F.3d 198, 203 (3d Cir. 2016).

We see no abuse of discretion. A district court may reduce a defendant's sentence of imprisonment that was "based on a sentencing range that has subsequently been lowered" if the reduction is warranted under the "factors set forth in section 3553(a)" and any "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The District Court properly considered the section 3553(a) factors at issue, and meticulously calculated the new Guidelines range that would apply if Patel was sentenced today. And it acknowledged Patel's arguments regarding the weight of his rehabilitative efforts weighed against the need "to reflect the extreme seriousness of this offense," "to promote respect for the law," and "to afford adequate deterrence." App. 9–10. At bottom, the District Court's alleged "failure to give mitigating factors the weight [Patel] contends they deserve" does not alter this analysis. *United States v. Seibert*, 971 F.3d 396, 402 (3d Cir. 2020) (quoting *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007)).

The District Court also justified its variance. With a reduced Guidelines range, Patel's variance effectively increased from forty-two to fifty-nine months, which he argues required a proportional increase in the District Court's justification. But we will not undermine a district court's discretion by prescribing the exact number of months a justification can bear. *See Gall v. United States*, 552 U.S. 38, 47 (2007) (rejecting "the use of a rigid mathematical formula . . . for determining the strength of the justifications required for a specific sentence"). Our role is limited to determining whether the District Court's judgment is "within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *United States v. Styer*, 573 F.3d 151, 155 (3d

3

Cir. 2009) (quoting *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008)). The District Court properly calculated the reduced Guidelines range before recounting several factors that justify an upward variance. "Giving due respect to the District Court's reasoned appraisal," as we must, Patel's sentence remains within a reasonable range. *Kimbrough v. United States*, 552 U.S. 85, 111 (2007).

For these reasons we will affirm the District Court's order.