**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3096

_____

UNITED STATES OF AMERICA

v.

DANIEL MARSICO,

                  Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:24-cr-00012-001)
District Judge: Honorable Cathy Bissoon

_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 14, 2025

Before: RESTREPO, McKEE, and AMBRO, *Circuit Judges*

(Opinion filed November 21, 2025)

AMBRO, *Circuit Judge*

The District Court sentenced Daniel Marsico to five years in prison for a yearslong campaign of cyberstalking it found "beyond egregious." App. 244. He appeals, protesting that his sentence is unreasonable. It is not, so we affirm the sentence.

**I.**

Around June 2020, the woman Marsico was dating broke up with him. For the next several years, he stalked and harassed her. He called her incessantly. He sent her—and later, her mother—thousands of text messages. When the woman blocked Marsico's phone number, he used new ones and found other ways to circumvent her blocks. Marsico surveilled her, and he made sure she knew he was watching. He threatened to publish explicit photos and videos of her that he had taken without her consent, sabotage her career, invade her home, and assault her and the men she dated. Marsico fulfilled many of these threats. To name just two: He impersonated the woman online, posting some of the nonconsensual photos and giving strangers her phone number and email address so they could harass her. And he broke through her door and attacked a former boyfriend of hers who was visiting. No summary can do justice to the suffocating scope of Marsico's campaign.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Eventually, the former date alerted the police and obtained Protection from Abuse Orders ("PFAs") against Marsico. The PFAs did not deter him. After each encounter with the police, he immediately violated the orders by texting her unsettling messages: "The cop on the phone was actually really nice and appreciated that I just straight up admitted to everything I did." "Just got delivered a pfa and the cops were REALLY nice!" "I beat up my neighbor and charmed my way out of it with the cops. You think being delivered a pfa phases me in the slightest?" He violated a single PFA roughly 1,300 times. Living each day under a shadow of fear he would murder her, the woman developed post-traumatic stress disorder.

At last, in January 2024 a grand jury indicted Marsico for cyberstalking in violation of 18 U.S.C. § 2261A(2)(A) and (B). In June 2024, he pled guilty.

Cyberstalking carries a statutory sentencing range of 1 to 5 years in prison. 18 U.S.C. § 2261(b)(5)-(6). The Sentencing Guidelines provided for a range of 30 to 37 months for Marsico. He entered a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) with a range of 20 to 30 months. The District Court received victim impact statements as well as letters of support for Marsico. At sentencing, it heard from Marsico's mother, his aunt, and Marsico himself. The presentence report indicated Marsico had been diagnosed with depression, anxiety, and bipolar disorder when he was younger and had been receiving treatment from a psychiatrist at the time of his arrest.

The District Court rejected the plea agreement in light of "the severity of the conduct," the victim impact statements and the rest of the record. App. 234. It gave Marsico an opportunity to withdraw his guilty plea and a break to discuss his options with his

3

attorney. He maintained his plea. The Court then sentenced him to 60 months in prison and 3 years of supervised release.

The District Court explained that it took a "holistic view" of "all the facts and circumstances of this particular case," and that the sentence "represent[ed] one of the rare occasions on which [it] upwardly varied." The Court reasoned that the Guidelines did not adequately account for "the frequency, duration, and sophistication of the harassment, the power dynamics between the defendant and his victim, [and] the special role of the internet and social media." App. 244. As noted, it described Marsico's behavior as "beyond egregious." App. 244. And it emphasized that Marsico had not been deterred—whether by the victim's documentation of his abuse, by the police action, by the PFAs, or even by the threat of criminal liability and "seem[ed] to be unconcerned with the judicial ramifications of his actions." App. 244. On these facts, the Court concluded "[t]here simply [wa]s no scenario under which a lesser sentence would be sufficient in this case." App. 244.

Now, Marsico appeals his sentence.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review for plain error whether the sentence is procedurally unreasonable because Marsico failed to object at the appropriate time. *See United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc); We review for abuse of discretion whether a sentence is substantively reasonable. *United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc). We affirm "unless no reasonable

4

sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* at 568.

## III.

Marsico argues his sentence was unreasonable: procedurally, because the District Court failed to consider his mental health history, and substantively, because the sentence was too long in view of that history (among other reasons). He is wrong on both counts.

"The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). The failure to consider a § 3553(a) factor is a procedural error. *Tomko*, 562 F.3d at 568. If the sentence was procedurally reasonable, then "[a]s long as [it] falls within the broad range of possible sentences that can be considered [substantively] reasonable in light of the § 3553(a) factors, [this Court] must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). As "the party challenging the sentence," Marsico "has the burden of demonstrating unreasonableness." *Tomko*, 562 F.3d at 567.

He appears to argue his sentence was procedurally unreasonable because the District Court failed to consider one § 3553(a) factor, his history and characteristics (particularly his mental health). But the Court considered it. At sentencing, it actively questioned defense counsel and Marsico's mother about on those topics. And the Court expressly noted it had considered the materials that addressed his mental health, from the presentence report to the testimony of one of his mental healthcare providers. In fact, Marsico acknowledges that "all parties, including the Court[,] were aware of [his] mental health

5

issues." Opening Br. 20. And he describes how the Court learned about his mental health through the plea agreement, sentencing memos, letters of support, live testimony, and the presentence report. In this context, there is no reason to doubt the sentence was procedurally reasonable.

The sentence here was substantively reasonable as well. Marsico first suggests that is not so because the sentence exceeded his Guidelines range. But "we cannot presume that a sentence is unreasonable simply because it falls outside the advisory Guidelines range." *Id.* at 567. And the District Court detailed the conduct that justified the upward variance. Marsico also suggests the sentence was unreasonable because his plea agreement provided for a range of 20 to 30 months. But "[a] sentencing court can, of course, reject the results of a plea negotiation if it concludes that the resulting agreement is not in the best interest of justice." *Gov't of the Virgin Islands v. Walker*, 261 F.3d 370, 375 (3d Cir. 2001). Marsico's only developed argument is that his mental health mitigates his culpability. But "a district court's failure to give mitigating factors the weight a defendant contends they deserve does not make a sentence substantively unreasonable." *United States v. Seibert*, 971 F.3d 396, 402 (3d Cir. 2020) (citation modified).

\*       \*       \*       \*

The District Court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decision-making authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). We therefore affirm Marsico's sentence.