**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1242
_____

UNITED STATES OF AMERICA,

v.

QUAHEEM BETHEA
a/k/a Troub,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2:24-cr-00591-001)
District Judge: Hon. Michael E. Farbiarz
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 3, 2026

Before: HARDIMAN, MONTGOMERY-REEVES, and ROTH, *Circuit Judges.*

(Opinion filed: March 5, 2026)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MONTGOMERY-REEVES, *Circuit Judge*.

Quaheem Bethea appeals his 70-month sentence for violating 18 U.S.C. § 922(g)(1), arguing that the sentence was procedurally and substantively unreasonable.  For the reasons that follow, we will affirm the District Court's judgment.

## I.    BACKGROUND

Bethea committed the instant offense at age 24, but his history of interactions with law enforcement and the criminal justice system began when he was 15 years old, with various juvenile adjudications.  When Bethea was 18 and 19 years old, he was arrested and convicted of misdemeanor assault and three felony controlled substance offenses in violation of New Jersey law. In 2018, at age 19, Bethea was charged federally with conspiring to distribute heroin.  Bethea was sentenced to 60 months' imprisonment, followed by five years of supervised release.

Bethea began his term of supervised release on January 20, 2023.  On June 7, 2023, police officers in Newark, New Jersey found Bethea with a .40-caliber semiautomatic handgun that was loaded with 14 rounds of ammunition. Federal authorities charged Bethea with violating 18 U.S.C. § 922(g)(1), which prohibits firearm possession by those

convicted of an offense "punishable by imprisonment for a term exceeding one year." Bethea pleaded guilty.

The Sentencing Guidelines recommended a sentence between 70–87 months' imprisonment.[1] The Government suggested a 57-month sentence, and Bethea suggested a 37-month sentence. Relevant here, Bethea claimed at sentencing that his youth at the time of his offense warranted the lower sentence. He pointed out that he accumulated ten criminal history points between the ages of 18 and 19 and argued that "his brain was not fully developed at the time biologically and . . . he was subject to poor impulse control." Appendix (hereinafter "App.__") 108.

The District Court sentenced Bethea to 70 months' imprisonment. It began its explanation of the sentence by saying, "[l]et me talk about the [§] 3553(a) factors in terms of how, in my judgment, you need to be sentenced." App. 119. It then discussed three of the factors, starting with "the nature and circumstances of the crime," which were "enormously serious," *id*.; then Bethea's history and characteristics; and finally general and specific deterrence. In doing so, the District Court addressed several specific features of Bethea's biography, including his family history, criminal history, and work history, concluding that there were "serious history and characteristic[s] . . . which, on balance, push in favor of a harsh sentence." App. 123. The District Court also considered an argument by Bethea's counsel that Bethea had "a special trauma-related reason" for

---

[1] Although the parties believed that the Guidelines range was lower (based on an erroneous calculation of the offense level), they now agree that the proper range was, as the District Court determined, 70–87 months.

possessing a gun, App. 120, referenced Bethea's in-court allocution repeatedly, and weighed a letter from Bethea's mother.

The District Court did not mention Bethea's argument that his youth when he committed the instant and previous offenses warranted a lesser sentence. At the end of its § 3553(a) discussion, which spans eight pages in the transcript, the Court said it would not "go through how all of the[] [§ 3553(a) factors] balance with each other," but that it was "closely familiar with the relevant statute and also what lawyers call the parsimony provision that we discussed earlier, which is to say the need to have the sentence be as limited as is possible." App. 126. The Court then handed down its 70-month sentence. Bethea did not object to the Court's explanation at sentencing, but he challenges the sentence on appeal.

## II. DISCUSSION[2]

Bethea argues the District Court procedurally erred by failing to address his youth-related arguments or to explain how all the § 3553(a) factors balanced one another. In the alternative, he claims his 70-month sentence was substantively unreasonable. We find both arguments unpersuasive.

Beginning with the procedural-error claim, because Bethea did not object to the District Court's explanation at sentencing, we review his challenge for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 259 (3d Cir. 2014). In other words, Bethea must

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

show that the District Court made a "'clear' or 'obvious'" mistake that "'affect[ed] substantial rights,' and 'affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Dragon,* 471 F.3d 501, 505 (3d Cir. 2006)). Bethea cannot meet this burden.

In analyzing procedural-error claims, the Supreme Court has acknowledged that, when handing down a sentence, "a statement of reasons is important." *Rita v. United States*, 551 U.S. 338, 356 (2007). A district judge must say enough, under all the circumstances, to satisfy us that he "has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* But § 3553(a) "does not contain . . . an 'explicit' explanation requirement." *United States v. Quiles*, 618 F.3d 383, 397 (3d Cir. 2010). So, while a "district court may not ignore" "a colorable argument about the applicability of one of the § 3553(a) factors," *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010), it "need not analyze explicitly every argument that a defendant puts forward," *Quiles*, 618 F.3d at 397 (citing *Rita*, 551 U.S. at 356).

Here, the District Court's explanation of the § 3553(a) factors was not clearly or obviously insufficient. Bethea argues that the District Court failed to consider his arguments that his incomplete neurological development and poor impulse control as a teenager mitigated his criminal history. While the District Court did not address Bethea's neurodevelopmental arguments squarely, it discussed Bethea's criminal history in detail and in light of his personal and family history. It concluded that Bethea had engaged in "a very serious run of considered, persistent criminality" that did not abate with punishment or supervision. App. 122. The District Court's contextualized and reasoned consideration

5

of Bethea's criminal history satisfies us that it did not ignore Bethea's arguments about his youth, and that it "ha[d] a reasoned basis" for sentencing Bethea at the bottom of the Guidelines range. *Rita*, 551 U.S. at 356.

Bethea's argument that the District Court then "explicit[ly] refus[ed] to explain how it balanced the § 3553(a) factors" is also unpersuasive. Opening Br. 24. "A sentencing court does not have to discuss and make findings as to each of the § 3553(a) factors if the *record* makes clear the court took the factors into account in sentencing." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (internal quotation marks omitted); *see also Quiles*, 618 F.3d at 397.

As precedent shows, accounting for the sentencing factors does not necessarily require explaining their application in detail. In *Tomko*, the district court's one-word reference to deterrence was adequate to address the Government's "impassioned plea" about the subject. 562 F.3d at 569. In *Rita*, the district court's similarly terse statement of reasons sufficed. *See* 551 U.S. at 358–59. Here, "context and the record make clear," through several pages of relevant discussion, that the District Court "considered the evidence and arguments" relevant to § 3553(a). *Id.* at 359. Thus, the District Court's statement that it would not address each factor on the record, and its explanation for Bethea's sentence more generally, were not procedurally unreasonable.

Bethea also claims that his 70-month sentence was substantively unreasonable. We review this claim for abuse of discretion, which requires Bethea to show that "no reasonable sentencing court would have imposed the same sentence on [him] for the reasons the district court provided." *United States v. Seibert*, 971 F.3d 396, 399 (3d Cir.

6

2020) (quoting *Tomko*, 562 F.3d at 567–68). Bethea also "bear[s] the burden of proving the unreasonableness of [his] sentence[] on appeal." *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006).

Bethea cannot carry that burden. Bethea's criminal history is extensive and serious, indicating that numerous state and federal punishments have failed to deter or rehabilitate him. The District Court appropriately considered that information against various potentially mitigating factors. Although Bethea's sentence was harsher than the Government requested, we cannot say that no reasonable jurist would have come out as the District Court did here.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.